IN THE SUPREME COURT OF THE STATE OF DELAWARE

ANDREW RILEY,             §
                                     §
   Defendant Below,         §   No. 465, 2025
   Appellant,             §
                                       §   Court Below—Superior Court
   v.                      §   of the State of Delaware
                                       §
STATE OF DELAWARE,      §   Cr. ID No. 2211013293 (S)
                                       §
   Appellee.            §

Submitted: January 27, 2026
Decided:   March 19, 2026

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## ORDER

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1) The appellant, Andrew Riley, appeals from the Superior Court's denial of his motion for postconviction relief. The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Riley's opening brief that the appeal is without merit. We agree and affirm.

(2) On February 5, 2020, Rachel Brandner's body was found in a closet in her home, covered by household objects. Brandner's truck was missing. Two days later, police officers located Brandner's truck, in which Riley was a passenger. In an interview at the police station, Riley admitted that he had engaged in sexual

activity with Brandner at her house on the night that she had last been seen alive. After further investigation, including searches of Riley's cell phone data, Riley was indicted for first-degree murder and other crimes. He later pleaded guilty to second-degree murder. On March 28, 2025, the Superior Court sentenced Riley to forty years of imprisonment, suspended after thirty years for decreasing levels of supervision.

(3) Riley did not file a direct appeal. He did file a motion for modification of sentence, which the Superior Court denied. On September 22, 2025, Riley filed a motion for postconviction relief, asserting three claims of ineffective assistance of counsel. First, Riley claimed that his counsel was ineffective because he did not challenge the indictment charging Riley with first-degree murder on the ground that it did not sufficiently allege causation. Second, Riley claimed that counsel should have moved to suppress evidence obtained from Riley's cell phone on the ground that the warrant to search the phone was overbroad and did not satisfy the Fourth Amendment's particularity requirement. Third, Riley asserted that counsel should have challenged the warrant that allowed the police to use Riley's thumbprint to unlock his cell phone as violating the Fifth Amendment's protection against self-incrimination.

(4) In an order denying Riley's motion for postconviction relief, the Superior Court determined that counsel's performance as to the indictment was not

deficient because the indictment alleged that Riley "did intentionally cause the death of another person." The court held that the other two ineffective-assistance claims were procedurally barred as formerly adjudicated because Riley's counsel moved to suppress evidence obtained from the searches authorized by the warrants and the court denied the motions. Riley has appealed to this Court.

(5) This Court reviews the Superior Court's denial of a motion for postconviction relief for abuse of discretion.[1] We review legal or constitutional questions, including claims of ineffective assistance of counsel, *de novo*.[2] Courts consider the procedural requirements of Rule 61 before addressing substantive issues.[3] Ineffective-assistance claims in a first motion for postconviction relief generally are not barred.[4]

(6) Because Riley pleaded guilty, to prevail on his claims of ineffective assistance of counsel he was required to demonstrate that (i) his counsel's representation fell below an objective standard of reasonableness, and (ii) there is a reasonable probability that but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial.[5] Although not

---

[1] *Ploof v. State*, 75 A.3d 811, 820 (Del. 2013).
[2] *Id.*
[3] *Bradley v. State*, 135 A.3d 748, 756-57 (Del. 2016).
[4] *See Green v. State*, 238 A.3d 160, 175 (Del. 2020) ("[I]neffective-assistance claims are not subject to Rule 61(i)(3)'s bar because they cannot be asserted in the proceedings leading to the judgement of conviction under the Superior Court's rules and this Court's precedent.").
[5] *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Duffy v. State*, 204 A.3d 113, 2019 WL 459982, at *2 (Del. Feb. 5, 2019) (TABLE); *Albury v. State*, 551 A.2d 53, 59-60 (Del. 1988).

insurmountable, there is a strong presumption that counsel's representation was professionally reasonable.[6]

(7) Riley argues that counsel was ineffective for failing to challenge the indictment on the ground that it did not sufficiently allege causation because it did not more specifically allege how Brandner died. We agree with the Superior Court's determination that counsel's performance was not deficient as to this issue. Riley also has not established that there is a reasonable probability that, if counsel had challenged the alleged defect in the indictment, Riley would not have pleaded guilty. Contrary to Riley's suggestion, the indictment would not have been dismissed if counsel had challenged the indictment under *Malloy v. State*.[7] In *Malloy*, the Court recommended that the Attorney General review the Department of Justice's practices and procedures with respect to the drafting of indictments, "with particular attention to quality and uniformity of draftsmanship."[8] *Malloy* held that an "inartfully drawn" indictment did not warrant reversal of the defendant's conviction; it does not stand for the proposition that an indictment whose language hews to the statutory language defining the offense rather than providing additional details should be dismissed.[9]

---

[6] *Albury*, 551 A.2d at 59.

[7] 462 A.2d 1088 (Del. 1983).

[8] *Id.* at 1094.

[9] *See id.* ("When undertaking to draft an indictment, counsel for the State should turn to the statute defining the crime, and, with the words of the General Assembly before him, write a count that does not omit allegations of an essential element of the offense.").

4

(8) Next, Riley argues that the Superior Court erroneously determined that his ineffective-assistance claim as to the cell phone search warrant was procedurally barred because counsel sought suppression. He contends that the court failed to consider his claim that counsel did not seek suppression on the ground that the warrant did not satisfy the particularity requirement. Riley has not established deficient performance or prejudice as to this issue, because counsel did seek suppression on the basis that the warrants to search Riley's cell phone and his Google account failed to satisfy the particularity requirement.[10] The Superior Court denied the motion to suppress, and Riley then pleaded guilty rather than proceeding to trial and preserving the suppression issue for appellate review.

(9) Riley also argues that the Superior Court erroneously determined that his ineffective-assistance claim as to the thumbprint search warrant was procedurally barred as formerly adjudicated because counsel challenged that warrant and the court denied the motion to suppress. Riley contends that his postconviction motion asserted that counsel should have sought suppression on the ground that permitting investigators to use his thumbprint to unlock his cell phone violated his Fifth

---

[10] *See* Exhibit E to Motion to Affirm, Motion to Suppress ¶¶ 17-20 (asserting that cell-phone search warrants authorized unconstitutional "rummaging," had "fantastically overbroad" language, failed to satisfy the particularity requirement, and amounted to a general warrant); *see also id.* ¶¶ 10-16 (challenging date range for search of Google account, asserting no nexus between probable cause and Google account search, arguing that the warrant sought "unbridled discretion to conduct an exploratory rummaging," and concluding that the "warrant fails the particularity requirement, is overbroad and lacking in probable cause for the place to be searched and the items to be seized").

Amendment protection against self-incrimination, rather than on the purportedly weaker Fourth Amendment grounds on which counsel based the motion to suppress. In the motion to suppress, counsel acknowledged case law holding that a fingerprint is not testimonial and therefore is not subject to the defendant's Fifth Amendment privilege against self-incrimination.[11] It does not appear that either this Court or the United States Supreme Court has addressed the issue. Nor has Riley cited any authority for the proposition that obtaining a suspect's fingerprint violates the Fifth Amendment. In the absence of binding authority supporting his claim, Riley has not established deficient performance or prejudice as to this claim.

(10) Finally, Riley argues that the Superior Court erred by denying his motion for appointment of postconviction counsel, because he has a mental illness that makes it difficult for him to articulate his arguments. Superior Court Rule of Criminal Procedure 61(e)(3) provides:

> The judge may appoint counsel for an indigent movant's first timely postconviction motion and request for appointment of counsel if the motion seeks to set aside a judgment of conviction that resulted from a plea of guilty or nolo contendere *only if* the judge determines that: (i) the conviction has been affirmed by final order upon direct appellate review or direct appellate review is unavailable; (ii) the motion sets forth a substantial claim that the movant received ineffective assistance of counsel in relation to the plea of guilty or nolo contendere; (iii) granting the motion would result in vacatur of the judgment of conviction for which the movant is in custody; *and* (iv) specific exceptional circumstances warrant the appointment of counsel.[12]

---

[11] *Commonwealth v. Baust*, 2014 WL 10355635 (Va. Cir. Ct. Oct. 28, 2014).

[12] Del. Super. Ct. R. Crim. Proc. 61(e)(3) (emphasis added).

Riley pleaded guilty and did not file a direct appeal. We therefore find no reversible error in the Superior Court's denial of his motion for appointment of counsel.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice